## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **TIMOTHY O. PARKS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) No. 06-2156-CM |
| | ) |
| **STATE OF KANSAS,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

### ORDER

Plaintiff brings this *pro se* action seeking civil and criminal damages pursuant to 18 U.S.C. § 241. Plaintiff claims that his "civil and unalienable rights have been violated by the arresting officers (no valid warrant), the Shawnee City 'Judge' and possibly others." Defendant filed a Motion to Quash Summons and Dismiss (Doc. 8). Plaintiff responded with a Motion to Deny Motion to Quash and Dismiss (Doc. 18) and an amended complaint. Defendant then filed a Motion to Dismiss Amended Complaint (Doc. 21). Plaintiff failed to respond to the second motion to dismiss, and the court issued an order to show cause why the motion should not be granted as uncontested on January 9, 2007. Plaintiff has not responded to the order to show cause.

It appears that plaintiff may not have served the proper party in this action. It is unclear, however, who is at fault for the insufficient service, as plaintiff proceeds *in forma pauperis* and is entitled to rely on the United States Marshal for service of the summons and complaint. Because the record is unclear, the court gives plaintiff the benefit of the doubt and does not dismiss his case for insufficient process.

The court will, however, dismiss plaintiff's case for failure to state a claim. Because plaintiff proceeds *pro se*, the court affords plaintiff some leniency and construes his complaint liberally. *See*

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But here, plaintiff makes his claims pursuant to 18 U.S.C. § 241, a criminal statute that does not give rise to private civil causes of action. *Kelly v. Rockefeller*, 69 F. App'x 414, 415 (10th Cir. 2003). Plaintiff explicitly states in his original complaint that he brings his claims under § 241, and the court does not speculate on whether he intended to bring his case pursuant to other statutes. In his amended complaint, plaintiff also alleges that "the judge mentioned and possibly others . . . [infringed] upon civil rights and plaintiff's exercise of his religion and religious duties before his God." Construing this allegation liberally to be a § 1983 claim, the complaint still fails to state a claim. Plaintiff sued the State of Kansas, but States are entitled to immunity under the Eleventh Amendment unless waived or abrogated by Congress. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 120 (1984); *Derrick v. Ward*, 91 F. App'x 57, 60 (10th Cir. 2004). Plaintiff makes no allegations that would support a finding that the State waived its immunity or that Congress abrogated its immunity by statute.

The court finds that regardless of whether service was sufficient in this case, plaintiff's complaint fails to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that defendant's Motion to Quash Summons and Dismiss (Doc. 8) is granted in part. The motion to dismiss is granted and the motion to quash is moot.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Deny Motion to Quash and Dismiss (Doc. 18) is denied.

**IT IS FURTHER ORDERED** that defendant's Motion to Dismiss Amended Complaint (Doc. 21) is granted.

Dated this 21st day of February 2007, at Kansas City, Kansas.

                                                    **s/ Carlos Murguia**
                                                    **CARLOS MURGUIA**

-3-

**United States District Judge**